IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OHVA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1945-MN |
| | ) | |
| HELCIM USA INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

### DEFENDANT HELCIM USA INC.'S ANSWER AND COUNTERCLAIMS

Defendant Helcim USA Inc. ("Helcim") files this Answer and Counterclaims to Plaintiff OHVA, Inc.'s ("OHVA") Complaint for Patent Infringement (the "Complaint") filed on December 10, 2018 (D.I. 1). All allegations in OHVA's Complaint not expressly admitted or not specifically responded to by Helcim are denied.

### PARTIES

1. Helcim is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the allegations.

2. Helcim admits the allegations in Paragraph 2.

### JURISDICTION

3. Helcim admits that this lawsuit purports to be a civil action for patent infringement arising under the patent laws of the United States, as alleged in Paragraph 3.

4. Helcim admits that federal courts, such as this Court, have exclusive subject-matter jurisdiction over patent-infringement lawsuits under 28 U.S.C. §§ 1331 and 1338(a), as alleged in Paragraph 4.

5. Helcim admits that the District of Delaware has personal jurisdiction over Helcim

for the instant case only, as alleged in Paragraph 5. Helcim further admits that Helcim is incorporated in Delaware, as alleged in Paragraph 5. Helcim denies all other allegations in Paragraph 5.

## VENUE

6.  Helcim admits that venue is proper in this District under 28 U.S.C. § 1400(b), as alleged in Paragraph 6. Helcim further admits that Helcim is incorporated in Delaware, as alleged in Paragraph 6. Helcim denies that it has committed any acts of infringement in this District, or anywhere else, as alleged in Paragraph 6. Helcim denies all other allegations in Paragraph 6.

## THE PATENT-IN-SUIT

7.  Helcim is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies the allegations.

8.  Responding to Paragraph 8, Helcim admits that United States Patent No. 9,679,286 (the "'286 patent") states, on its face, that it is titled "Methods and Apparatus for Enabling Secure Network-Based Transactions." Helcim further admits that OHVA has attached what appears to be a copy of the '286 patent as Exhibit A to the Complaint. Helcim is without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 8 and, therefore, denies the allegations.

9.  Helcim denies the allegations in Paragraph 9.

10. Helcim is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies the allegations.

11. Helcim denies the allegations in Paragraph 11.

## KNOWLEDGE OF [ALLEGED] INFRINGEMENT

12. Helcim denies the allegations in Paragraph 12 (including Paragraph 12's heading).

13. Helcim denies the allegations in Paragraph 13.

14. Helcim denies the allegations in Paragraph 14.

**COUNT I: [ALLEGED] INFRINGEMENT OF CLAIM 1 OF THE '286 PATENT**

15. Helcim incorporates the foregoing paragraphs by reference as if fully set forth herein.

16. Responding to Paragraph 16, Helcim states that the promotional materials attached as Exhibit B to the Complaint speak for themselves. Helcim otherwise denies the allegations in Paragraph 16.

17. Responding to Paragraph 17, Helcim states that the materials attached as Exhibit B to the Complaint speak for themselves. Helcim otherwise denies the allegations in Paragraph 17.

18. Responding to Paragraph 18, Helcim states that the materials attached as Exhibits C and D to the Complaint speak for themselves. Helcim otherwise denies the allegations in Paragraph 18.

19. Responding to Paragraph 19, Helcim states that the materials attached as Exhibit E to the Complaint speak for themselves. Helcim otherwise denies the allegations in Paragraph 19.

20. Helcim denies the allegations in Paragraph 20.

21. Helcim denies the allegations in Paragraph 21.

**JURY DEMAND**

22. Helcim admits that OHVA has purported to demand a trial by jury on all claims and issues so triable.

**PRAYER FOR RELIEF**

23. Helcim denies that OHVA is entitled to any relief, and specifically denies all of the allegations and prayers for relief in Paragraphs A-H of OHVA's Prayer for Relief.

## DEFENSES

24. Without altering the burden of proof, Helcim asserts the following defenses, which are based (i) upon an investigation that is not complete and (ii) prior to the opening of fact discovery. Helcim's investigation of its defenses is continuing, and Helcim reserves the right to assert all defenses under Federal Rule of Civil Procedure 8, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future be available based upon, among other things, discovery and further investigation in this case.

### FIRST DEFENSE
(NON-INFRINGEMENT)

25. Helcim has not directly or indirectly, literally or under the doctrine of equivalents, infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '286 patent, and is not liable for infringement thereof.

### SECOND DEFENSE
(INVALIDITY)

26. The claims of the '286 patent are invalid and/or void for failure to meet the conditions for patentability specified by 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 282 and/or the Rules and Regulations of the United States Patent & Trademark Office.

### THIRD DEFENSE
(LIMITATION ON DAMAGES)

27. OHVA's claims for relief are limited by 35 U.S.C. §§ 286-287 and/or 28 U.S.C. § 1498.

### FOURTH DEFENSE
(PROSECUTION HISTORY ESTOPPEL)

28. By reason of proceedings in the United States Patent & Trademark Office, and by reasons of amendments, statements, admissions, omissions and/or representations made by the

applicants or on their behalf, OHVA is estopped from asserting infringement of the '286 patent against Helcim.

### FIFTH DEFENSE
(DISCLOSURE-DEDICATION)

29. OHVA's claims are barred to the extent that OHVA has dedicated to the public systems, methods, and/or products disclosed in the '286 patent but not literally claimed therein.

### HELCIM'S COUNTERCLAIMS

30. For its counterclaims against OHVA, Helcim states as follows:

### PARTIES

31. Helcim is a Delaware corporation with its United States principal place of business located at 701 5th Avenue, Suite 4200, Seattle, Washington 98104.

32. OHVA asserts that it is an California corporation with its principal place of business at 945 Whitehall Avenue, San Jose, California 95128.

### JURISDICTION AND VENUE

33. These Counterclaims arise under the Patent Act, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

34. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

35. This Court has personal jurisdiction over OHVA by virtue of, at a minimum, the filing of OHVA's Complaint.

36. Venue is proper in this Court because, at a minimum, OHVA's claim of infringement is pending in this Court.

### FACTS

37. On December 10, 2018, OHVA sued Helcim alleging infringement of the '286

patent and claiming to be the owner of the '286 patent.

38. OHVA's accusations give rise to an actionable and justiciable case and controversy within the jurisdiction of this Court pursuant to 28 U.S.C. §§ 2201 and 2202.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

39. Helcim incorporates the foregoing paragraphs by reference as if fully set forth herein.

40. This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the '286 patent.

41. OHVA has alleged in its Complaint that Helcim has infringed one or more claims of the '286 patent.

42. Helcim has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '286 patent, either directly or indirectly, or literally or under the doctrine of equivalents, and is not liable for infringement thereof.

43. Helcim requests a judicial determination and declaration of the respective rights and duties of the parties. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

44. This is an exceptional case entitling Helcim to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY)

45. Helcim incorporates the foregoing paragraphs by reference as if fully set forth herein.

46. This is an action for declaratory judgment of invalidity of any and all claims of the '286 patent.

47. The '286 patent is invalid and/or void for failure to meet the conditions for patentability specified by 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 282 and/or the Rules and Regulations of the United States Patent & Trademark Office.

48. Helcim requests a judicial determination and declaration of the respective rights and duties of the parties. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

49. This is an exceptional case entitling Helcim to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### JURY DEMAND

50. Helcim demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury on all issues so triable.

### HELCIM'S PRAYER FOR RELIEF

51. Helcim requests that the Court enter a judgment in Helcim's favor as follows:

    A.  Dismissing OHVA's Complaint in its entirety, with prejudice;

    B.  Declaring that OHVA is not entitled to any relief, whether in law or equity or otherwise, from its suit against Helcim;

    C.  Declaring that Helcim does not infringe and has not infringed the '286 patent;

    D.  Declaring that the claims of the '286 patent are invalid;

    E.  Permanently enjoining OHVA, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '286

patent against Helcim or any parents, affiliates, or subsidiaries of Helcim or any of their respective officers, agents, employees, successors, and assigns;

F. Declaring that this is an exceptional case in Helcim's favor pursuant to 35 U.S.C. § 285;

G. Awarding Helcim its costs, expenses, and reasonable attorney's fees, whether pursuant to 35 U.S.C. § 285 or otherwise; and

H. Entering an Order that Helcim shall have and recover from OHVA any and all such other and further relief, general and special, at law or in equity, to which Helcim may be justly entitled.

**HELCIM'S REQUEST FOR STATEMENT OF DAMAGES**

52. Pursuant to D. Del. LR 9.4(b), Helcim requests that OHVA, within 14 days, furnish Helcim with a written statement of the amount of damages claimed. Unless required by Court order, such statement shall not be filed with the Court.

OF COUNSEL:
Steven Callahan
Martin C. Robson
CHARHON CALLAHAN
ROBSON & GARZA, PLLC
3333 Lee Parkway, Suite 460
Dallas, TX 75219
(214) 521-6400

/s/ David M. Fry
Jeff Castellano (No. 4837)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jcastellano@shawkeller.com
arussell@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendant Helcim USA Inc.*

Dated: March 4, 2019